# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **MICHAEL VARGAS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) **JURY DEMAND** |
| **CRESTLINE HOTELS AND** | ) |
| **RESORTS d/b/a HAMPTON** | ) |
| **INN AND SUITES,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Michael Vargas, by and through counsel, files this Complaint against Defendant Crestline Hotels & Resorts d/b/a Hampton Inn & Suites and alleges as follows:

### THE PARTIES

1. Plaintiff Michael Vargas ("Mr. Vargas" or "Plaintiff") is a resident of Williamson County, Tennessee.

2. Defendant Crestline Hotels & Resorts d/b/a Hampton Inn & Suites ("Crestline" or "Defendant") is a Virginia corporation with a principal office located at 3950 University Drive Ste. 301, Fairfax, Virginia, 22030, United States of America. Its registered agent for service of process is Corporation Service Company, located at 100 Shockoe Slip, Fl. 2, Richmond, VA, 23219, United States of America.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2601, et seq.

4. Venue is proper in this Court because the claims arose within this judicial district.

## FACTS

5. Crestline owns and operates 128 hotels in the United States.

6. Crestline operates a hotel in Franklin, Tennessee, known as Hampton Inn & Suites.

7. Crestline exercised significant control over Hampton Inn & Suites in Franklin, Tennessee.

8. At all relevant times, Mr. Vargas was employed by Defendant Crestline as a maintenance technician.

9. As a maintenance technician, Mr. Vargas worked directly with Crestline in order to run the Franklin location.

10. Mr. Vargas was a devoted employee who worked diligently at his job.

11. Mr. Vargas received positive feedback during his employment and was never disciplined.

12. On November 2, 2021, one day prior to his termination, Mr. Vargas provided notice to General Manager David Brawner that he would need to take a few days of leave due to a surgery his minor son planned to have on December 13, 2021.

13. Mr. Vargas requested this leave time to take care of his son and his family during and after the surgery, which was a very serious surgery to resolve obstructive sleep apnea.

14. On November 3, 2021, the very next day after Mr. Vargas requested leave, he was terminated.

15. There is no legitimate reason for Mr. Vargas' termination.

16. The only explanation is retaliation for exercising his rights under the FMLA.

17. Defendant offered a purely pretextual reason for Mr. Vargas' termination, which related to allegations of sexual harassment which had been raised and investigated many weeks

earlier. While Mr. Vargas strongly disputes that he did anything inappropriate, this situation had been resolved and did not justify Mr. Vargas' termination.

18. As a direct and proximate result of Defendant's unlawful retaliation, Mr. Vargas has suffered and will continue to suffer mental anguish, lost wages, and other lost benefits.

## CAUSES OF ACTION

### COUNT ONE: UNLAWFUL RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2601

19. Mr. Vargas incorporates by reference the allegations above as if fully restated herein.

20. Defendant Crestline illegally retaliated against Mr. Vargas by terminating him because of his request for leave in violation of the Family and Medical Leave Act.

21. As a direct and proximate result of Defendant's willful, knowing and intentional retaliation against him, Mr. Vargas suffered damages and is entitled to back pay, future wages, compensatory damages, prejudgment interest, punitive damages, attorney fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Vargas requests the following relief:

A. Back pay, including all sums of money he would have earned, together with such other increases and benefits to which he would be entitled had he not been improperly terminated;

B. Front pay;

C. Prejudgment interest;

D. Punitive damages;

E. Liquidated damages;

F. Reasonable attorney fees and costs; and

G. Such other, further and general relief as this Court may deem appropriate.

**JURY DEMAND**

Mr. Vargas hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Tara L. Swafford
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Elizabeth G. Hart, BPR #30070
Claire A. Grega, BPR # 39257
321 Billingsly Ct., Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com
claire@swaffordlawfirm.com

*Attorneys for Michael Vargas*